**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 09:00 AM May 16, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 11 |
| | ) |
| WILLIAM K. HAINES AND | ) CASE NO. 09-65171 |
| NANCY J. HAINES, | ) |
| | ) JUDGE RUSS KENDIG |
| Debtors. | ) |
| | ) |
| | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| | ) |

    Debtors' motion for final decree, filed on March 5, 2012, is before the court. Debtors rely on 11 U.S.C. §§ 105 and 350 and Federal Rule of Bankruptcy Procedure 3022 for the relief sought. The motion is not opposed.

    The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984, now superseded by General Order 2012-7 dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

    Debtors are joint individual debtors in a chapter 11 case filed on December 16, 2009. On October 6, 2011, the court confirmed a plan of reorganization. The plan provides that

confirmation will serve as the discharge date. (Plan of Reorganization § III(A)). The court has not entered a discharge order. Under the plan, Debtors restructured their long-term secured debt. They agreed to pay Huntington National Bank ("Huntington") approximately $300,000 by June 30, 2012 on a secured claim. (Confirmation Order § I(8)(c)(i)). Additionally, Debtors proposed to pay two classes of unsecured claims over a maximum period of five years. Based on the post-confirmation operating reports, including the one filed on April 23, 2012, it appears more than $200,000 is still owed to priority and unsecured creditors. Although the court cannot ascertain whether the $300,000 payment is still owed Huntington, it is clear that plan payments are not complete.

## DISCUSSION

In spite of the fact that payments are not complete and Debtors do not have a discharge, they moved for entry of a final decree. Federal Rule of Bankruptcy Procedure 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court . . . shall enter a final decree closing the case." *See also* 11 U.S.C. § 350. Whether a case qualifies as fully administered is left to the determination and discretion of the court based on the specific facts of each case. Speirer v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores, Inc.), 43 Fed.Appx. 820 (6th Cir. 2002) (unpublished). In this case, for the reasons that follow, the court finds that entry of the final decree is premature.

The 1991 Advisory Committee notes to Rule 3022 provide guidance to determine when an case is fully administered. To start, the notes state that "closing a chapter 11 case should not be delayed because the payments required by the plan have not been completed." Under this view, the fact that debtors still owe more than $200,000 to priority and unsecured creditors, and a secured payment of nearly $300,000 to Huntington, is not determinative of whether the case can be closed. However, the court notes that this guidance was offered under the previous version of §1141(d)(5), which provided for discharge at confirmation.[1] With the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act in 2005 ("BAPCPA"), the code contemplates entry of a discharge after payments are complete, similar to chapter 13 individual debtors. 11 U.S.C. § 1141(d)(5); *see also* Friedman v. P+P, LLC (In re Friedman), 466 B.R. 471 (B.A.P. 9th Cir. 2012). With this change, the continued vitality of the view that payments do not have to be complete in order for a case to qualify as "fully administered" is questionable. However, it was never the exclusive consideration.

Pre-BAPCPA practice advocated a cumulative review of several factors to determine whether a case was fully administered. The Advisory Committee identified the following considerations:

(1) whether the order confirming the plan has become final,

---

1 The court may enter a discharge before payments are complete upon a showing of "cause." 11 U.S.C. § 1141(d)(5)(A). No such showing was made in this case. Many courts require specific and conspicuous notice to creditors in order to enter a discharge in an individual chapter 11 case before payments are complete. *See,e.g.,* In re Kirkbride, 2010 WL 4809334 (Bankr. E.D.N.C. 2010) (citing In re Sheridan, 391 B.R. 287 (Bankr. E.D.N.C. 2008)); In re Belcher, 410 B.R. 206 (Bankr. W.D. Va. 2009); *see also* In re Brown, 2008 WL 4817505 (Bankr. D. Col. 2008); *cf*. Fla. Dep't of Revenue v. Davis (In re Davis), 465 B.R. 309 (M.D. Fla. 2011).

> (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed.R.Bankr.P. 3022 (1991 Advisory Committee notes). Obviously, the central question concerns the progress of the case. The court finds that whether payments are complete is simply a factor to be added to the considerations. While it may not always be determinative, it will be material, especially since discharge is tied to the status of the payments. But the individual facts of each case will be the driving force in ascertaining whether a case is fully administered.

Here, the court finds that the case has not yet sufficiently progressed to qualify as fully administered. Debtors have not received a discharge and the plan is not substantially consummated. *See also* Shotkoski v. Fokkena (In re Shotkoski), 420 B.R. 479 (B.A.P. 8th Cir. 2009). While Debtors state that "the only activity remaining in the Debtors' case is distribution to non-priority creditors and payment of long term secured debts," this conflicts with information contained in the plan and the latest post-confirmation operating report. First, the operating report shows nearly $166,000 is owed to priority creditors as of March 31, 2012. Second, the payment due Huntington on June 30, 2012 is overlooked by Debtors. These outstanding payments convince the court that entry of a final decree would be premature.

Debtors also argue that allowing the case to close now will make more funds available to the creditors because they will no longer need to pay UST quarterly fees. Courts find this argument unpersuasive. *See, e.g.,* In re Belcher, 410 B.R. 206 (Bankr. W.D. Va. 2009); In re Ball, 2008 WL 2223865 (Bankr. N.D. W. Va. 2008) (unreported). The court agrees that this is not a compelling argument.

Payment of the UST fees is the equivalent of administrative fees paid to a chapter 13 trustee or a chapter 7 trustee's statutory compensation. While fees may be ultimately be higher in a chapter 11 case, payment of fees is a cost of bankruptcy. Additionally, in this case, with the exception of secured deficiency claims, Debtors are paying unsecured creditors one hundred percent. As a result, the creditors will receive the same amount without regard to UST fees and the true beneficiaries of non-payment of UST quarterly fees will be Debtors. The court therefore rejects Debtors' argument.

For these reasons, the court declines to enter a final decree. Debtors' motion will be denied by separate order.

So ordered.

# # #

**Service List:**

Anthony J DeGirolamo
116 Cleveland Ave., N.W.
Suite 307
Canton, OH 44702

William K. Haines, Jr.
Nancy J. Haines
8474 Country St
Massillon, OH 44646